UNITED STATES of America,
Appellee,

v.

George Albert **RUTHERFORD**,
Defendant-Appellant.

No. 330, Docket 28584.

United States Court of Appeals
Second Circuit.

Argued March 6, 1964.

Decided May 27, 1964.

Certiorari Denied June 22, 1964.
See 84 S.Ct. 1922.

Frank Serri, Brooklyn, N. Y., for appellant.

Jerome C. Ditore, Asst. U. S. Atty. for Eastern Dist. of New York, Joseph P. Hoye, U. S. Atty. for the Eastern Dist. of New York, for appellee.

Before WATERMAN and KAUFMAN, Circuit Judges, and DIMOCK, District Judge.

DIMOCK, District Judge.

This is an appeal from a judgment of conviction under section 35(a) of title 18 of the United States Code, the first part of the so-called "bomb hoax" or "false tip" section. A one-count indictment charged that appellant, while on board a United States airplane at the New York International Airport, "imparted and conveyed the false information that he then and there had a bomb, which information concerned an attempt to do an act which would be a crime prohibited by Title 18, U.S.C. Section 32, and which information the defendant knew to be false." Appellant testified that he had used the word "bomb" as a colloquial expression for a marine sextant that he was carrying in a case.

Appellant was sentenced to serve ten days with service of the remainder of a one year sentence suspended.

On a trial without a jury before District Judge Mishler, the court, on con-

flicting but sufficient evidence, made the following findings:

"2) While walking near the rear of the said plane defendant said to Ruth Raolo [the airline stewardess], or within her hearing, 'I have to sit near the back because I have a bomb.' "

"3) After someone (unidentified) made a statement containing the phrase or expressed the thought of the 'tail blowing off,' defendant stated that he didn't care since he had plenty of insurance."

"5) The navigational sextant is not commonly referred to by seamen or anyone else as a 'bomb.' "

"6) The reference in finding No. 3, concerning insurance, was knowingly and intentionally made to impart and convey the false information that the destructive force of the bomb would destroy the plane and end his life."

"7) Defendant knowingly and intentionally imparted the false information that he was carrying a destructive and explosive substance referring to the wooden case holding the navigational sextant."

■ Appellant's contention that the evidence was insufficient to sustain a conviction is without substance.

It is contended that the statute abridges freedom of speech in violation of the First Amendment.

Both section 32 and an earlier form of section 35(a) were parts of Public Law 709 adopted July 14, 1956, entitled "AN ACT to punish the willful damaging or destroying of aircraft or motor vehicles, and their facilities, and for other purposes." In amended form it constitutes Chapter 2 of Title 18 of the United States Code. Sections 32 and 35(a) are quoted in the margin.*

* "§ 32. Destruction of aircraft or aircraft facilities

"Whoever willfully sets fire to, damages, destroys, disables, or wrecks any civil aircraft used, operated, or employed in interstate, overseas, or foreign air commerce; or

"Whoever willfully sets fire to, damages, destroys, disables, or wrecks any aircraft engine, propeller, appliance, or spare part with intent to damage, destroy, disable, or wreck any such aircraft; or

"Whoever, with like intent, willfully places or causes to be placed any destructive substance in, upon, or in proximity to any such aircraft, or any aircraft engine, propeller, appliance, spare part, fuel, lubricant, hydraulic fluid, or other material used or intended to be used in connection with the operation of any such aircraft, or any cargo carried or intended to be carried on any such aircraft, or otherwise makes or causes to be made any such aircraft, aircraft engine, propeller, appliance, spare part, fuel, lubricant, hydraulic fluid, or other material unworkable or unusable or hazardous to work or use; or

"Whoever, with like intent, willfully sets fire to, damages, destroys, disables, or wrecks, or places or causes to be placed any destructive substance in, upon, or in proximity to any shop, supply, structure, station, depot, terminal, hangar, ramp, landing area, air-navigation facility or other facility, warehouse, property, machine, or apparatus used or intended to be used in connection with the operation, loading, or unloading of any such aircraft or making any such aircraft ready for flight, or otherwise makes or causes to be made any such shop, supply, structure, station, depot, terminal, hangar, ramp, landing area, air-navigation facility or other facility, warehouse, property, machine, or apparatus unworkable or unusable or hazardous to work or use; or

"Whoever, with like intent, willfully incapacitates any member of the crew of any such aircraft; or

"Whoever willfully attempts to do any of the aforesaid acts or things—
shall be fined not more than $10,000 or imprisoned not more than twenty years, or both."
"§ 35. Imparting or conveying false information

"(a) Whoever imparts or conveys or causes to be imparted or conveyed false information, knowing the information to be false, concerning an attempt or alleged attempt being made or to be made, to do any act which would be a crime prohibited by this chapter or chapter 97 or chapter 111 of this title shall be fined not more than $1,000, or imprisoned not more than one year, or both.

Section 32 deals with damaging or destroying aircraft, damaging or destroying aircraft parts with intent to damage or destroy the aircraft, placing destructive substances on aircraft or parts with like intent, and damaging or placing destructive substances on aircraft facilities with like intent. Section 33 deals similarly with motor vehicles except that no act is made criminal unless done with intent to endanger, or with reckless regard for, human life.

Section 35(a), under consideration in this case, makes criminal the imparting of information, knowing the information to be false, concerning an attempt or an alleged attempt being made or to be made to do any act which would be a crime prohibited by the chapter. Thus the statute would be violated by the imparting of knowingly false information with respect to an attempt about to be made to damage an aircraft in any way, irrespective of the saboteur's intent, or to damage a motor vehicle in any way, with intent to endanger the safety of any person on board.

If the statute so far as it applied to aircraft were limited to making criminal the imparting of false information with respect to the existence of a bomb on a loaded aircraft, there could be little doubt that the giving of the false information would be beyond the protection of the First Amendment. It would fall within the principle of the false cry of fire in a crowded theatre, the classic illustration of unprotected speech given by Mr. Justice Holmes in Schenck v. United States, 249 U.S. 47, 52, 39 S.Ct. 247, 63 L.Ed. 470. Such speech is characterized as a "verbal act" by Mr. Justice Lamar in Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 439, 31 S.Ct. 492, 55 L.Ed. 797, cited in the Schenck opinion.

■■■■ As above indicated, however, the statute goes much farther and, on its face, would make criminal the imparting of information known to be false that someone was about to destroy the motion picture screen on an out-of-service aircraft undergoing repairs in its hangar. Nevertheless we need not consider the question whether a provision of a statute denouncing that act in those terms would offend the First Amendment. As applied to the act of which appellant was found guilty, the act is clearly constitutional. The decision of the question whether the act is unconstitutional as applied to some other set of circumstances must be left for a case which raises that question. United States v. Raines, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524.

■■■■ Appellant's contention that the statute is unconstitutionally vague in that its words permit conviction for innocent acts is answered in the same way. There is nothing vague about its application to the facts found by the court below.

Finally we are told that the indictment is defective as it omits an essential element of the crime. It will be remembered that section 35(a) makes criminal the imparting of false information concerning an attempt "to do any act which would be a crime prohibited by this chapter." The indictment charges that the defendant, while on board an aircraft, "imparted and conveyed the false information that he then and there had a bomb, which information concerned an attempt to do an act which would be a crime prohibited by Title 18, U.S.C. section 32, and which information the defendant knew to be false." Section 32, therein referred to, is part of the same chapter as section 35(a) and penalizes, among others, whoever willfully places any destructive substance in an aircraft "with intent to damage, destroy, disable, or wreck any such aircraft."

"(b) Whoever willfully and maliciously, or with reckless disregard for the safety of human life, imparts or conveys or causes to be imparted or conveyed false information, knowing the information to be false, concerning an attempt or alleged attempt being made or to be made, to do any act which would be a crime prohibited by this chapter or chapter 97 or chapter 111 of this title—shall be fined not more than $5,000, or imprisoned not more than five years, or both."

The alleged defect in the indictment is that, while it stated that the imparted information concerned the placing of a destructive substance on an aircraft, it failed to state that it was a placing "with intent to damage, destroy, disable, or wreck" the aircraft that the information concerned.

An information in this form was upheld by this court in United States v. Allen, 2 Cir., 317 F.2d 777. Counsel seeks to distinguish that case on the ground that section old 35, which was there concerned, differed from the present section 35(a) in that section old 35 penalized whoever "willfully" imparted the false information, while section 35(a), which is otherwise identical, omits that word.

We fail to understand why there is more need for alleging intent of the saboteur in a case where willfulness of the informer is no part of the crime than where the informer's willfulness is a necessary element. We hold that this court's decision in the Allen case is applicable here and we adhere to it.

The judgment of conviction is affirmed.