366 F.2d 33
 Newton TOWNSEND, Petitioner-Appellant,
v.
STATE OF OHIO, Rex V. Larson, Prosecuting Attorney, Richland County, Ohio, Clare W. Kyler, Chief, Police Department, Mansfield, Ohio, William N. Spognardi, Lieutenant, Police Department, Mansfield, Ohio, and Richard L. Burton, Lieutenant, Police Department, Mansfield, Ohio, Respondents-Appellees.
 No. 16648.
 United States Court of Appeals Sixth Circuit.
 September 15, 1966.
 
 Larry L. Inscore, Mansfield, Ohio, for appellant, Theodore Lutz, Mansfield, Ohio, on the brief.
 Rex V. Larson, Pros. Atty., Mansfield, Ohio, for appellees, William F. McKee, Asst. Pros. Atty., Mansfield, Ohio, on the brief.
 Before EDWARDS and CELEBREZZE, Circuit Judges, and GORDON*, District Judge.
 PER CURIAM.
 
 
 1
 Appellant herein sought removal of a state criminal trial to the federal courts under 28 U.S.C. § 1443 (1964). He also sought injunctive relief under 17 Stat. 13 (1871), 42 U.S.C. § 1983 (1964), from the United States District Court for the Northern District of Ohio, Eastern Division, to restrain state proceedings on criminal charges filed against him and to prohibit the use of certain evidence in the state proceedings. The claim advanced was that police surveillance of a public toilet room in Mansfield, Ohio, and the taking of motion pictures through a "one way" mirror invaded appellant's constitutional rights and resulted in the charges of sodomy now awaiting trial.
 
 
 2
 In this regard appellant cites Britt v. Superior Court, 58 Cal.2d 469, 24 Cal. Rptr. 849, 374 P.2d 817 (1962), and Bielicki v. Superior Court, 57 Cal.2d 602, 21 Cal.Rptr. 552, 371 P.2d 288 (1962).
 
 
 3
 The District Court denied relief without reaching the Fourth Amendment issue sought to be presented. We affirm.
 
 
 4
 There is no showing that Ohio is enforcing its laws unequally as to this appellant. The briefs filed in this case concede that the admissibility of evidence derived from the identical circumstances has previously been passed upon affirmatively by the Ohio Supreme Court, with review of that decision refused by the United States Supreme Court. State v. Glass, 176 Ohio St. 325, 199 N.E.2d 392 (1964), cert. denied sub nom. Poore, et al. v. Mayer, Judge, et al., 379 U.S. 928, 85 S.Ct. 321, 13 L.Ed.2d 341 (1964). Nor are the authorities relied upon by appellant so obviously in point factually as to show that Ohio law clearly sanctions federal constitutional violations. Cf. Smayda v. United States, 352 F.2d 251 (C.A. 9, 1965), cert. denied, 382 U.S. 981, 86 S. Ct. 555, 15 L.Ed.2d 571 (1966); People v. Young, 214 Cal.App.2d 131, 29 Cal.Rptr. 492 (Cal.App. 1963).
 
 
 5
 Comity in federal-state relations strongly suggests that assertions of violation of federal rights such as this be heard in the federal courts after and not before the state criminal trial. Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Cleary v. Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390 (1963); Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943).
 
 
 6
 In Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), the Supreme Court pointed to 28 U.S.C. § 2283 (1964)[1] in support of this rule of comity:
 
 
 7
 "[C]onsiderations of federalism have tempered the exercise of equitable power, for the Court has recognized that federal interference with a State's good-faith administration of its criminal laws is peculiarly inconsistent with our federal framework. * * *" Dombrowski v. Pfister, supra at 484, 85 S.Ct. at 1119.
 
 The Court's opinion later noted:
 
 8
 "It is difficult to think of a case in which an accused could properly bring a state prosecution to a halt while a federal court decides his claim that certain evidence is rendered inadmissible by the Fourteenth Amendment." Dombrowski v. Pfister, supra at 485, 85 S.Ct. at 1120, fn. 3.
 
 
 9
 The doctrine of federal-state comity relied upon above we believe to be consistent with the views set forth in all of the opinions in the Supreme Court's latest consideration of 28 U.S.C. § 1443 (1964). See State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L. Ed.2d 944 (1966).
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Hon. James F. Gordon, United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 28 U.S.C. § 2283 (1964) provides that:
 "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."