### Thomas Francis MISTROT, Plaintiff-Appellant,

### v.

### Henry WADE, Criminal District Attorney, et al., Defendants-Appellees.

### No. 28900.

United States Court of Appeals, Fifth Circuit.

Nov. 6, 1970.

———◆———

Thomas Francis Mistrot, pro se.

John A. Mackintosh, Dallas, Tex., for plaintiff-appellant.

Henry Wade, Criminal Dist. Atty., John B. Tolle, Camille Elliott, Edgar A. Mason, Asst. Dist. Attys., Dallas, Tex., for defendants-appellees.

Before COLEMAN, AINSWORTH, and GODBOLD, Circuit Judges.

COLEMAN, Circuit Judge.

On September 16, 1968, this appellant was indicted by a state grand jury for the sale of marijuana. As charged, the offense upon conviction would have carried a maximum penalty of confinement for not less than five years nor more than life.

Mistrot, however, had twice previously been convicted of a felony. Under Article 63 of the Texas Penal Code this made him liable to a mandatory life sentence if appropriately charged and convicted.

On August 18, 1969, eleven months after the original indictment, Mistrot was so charged in a second indictment. On October 29, 1969, he was tried under the "enhanced" indictment and found guilty. On October 31, 1969, the first indictment was dismissed.

On October 28, 1969, the day before he was due for trial in the state court, Mistrot filed in the United States District Court a pro se application to enjoin the state trial.

The pro se application alleged as follows:

"The Plaintiff was arrested on July 23, 1968. Being indigent, and there-

fore financially unable to post bail, he has remained in custody. Shortly after the original, unenhanced indictment was presented against him, an Agent of the Defendant, commonly known as the 'copout' man, came to see him and offered him a 'deal' in exchange for his guilty plea. A 'deal' is the offer of a term, substantially less than the maximum allowed by law. The Plaintiff refused the 'deal' and requested that he be accorded a trial by jury. The threat was made to him, by the 'cop-out' man, that if Plaintiff did not accept his offer and plead guilty, that he would be reindicted and tried as a habitual offender, and given a life sentence. The Plaintiff received several subsequent visits from the 'cop-out' man, and on each occasion the same threat was made to him that if he did not accept the 'deal' and plead guilty, he would be reindicted and tried as a habitual offender. Finally on August 18, 1969 the Plaintiff was reindicted in indictment Number C–69–4247–I–J charging him with a sale of narcotics, as a habitual offender pursuant to Art. 63, Tex.Pen.Code (1958), and the case is set for trial on the docket of Criminal District Court Number Three, Dallas County, Texas, on October 28, 1969.

"The Plaintiff, does not, by this suit, attempt to test or question the constitutionality of the Texas Recidivist Statutes, but rather the illegal, unconstitutional use of them by the Defendant and his Agents as coercive weapons, to force accused persons to waive and relinquish their fundamental rights guaranteed under the United States Constitution. Forced confessions and guilty pleas are not tolerated under the Constitution. If the Plaintiff, in the first instance, had been indicted as a habitual offender, he would have no standings to complain. However, since his original indictment was found and presented against him by legally and lawfully impaneled grand jury, and since the indictment was a good one, that is, without fault, the Defendant had no lawful cause, or

reason to cause its dismissal and cause a return, and presentment of a habitual indictment against Plaintiff, by another grand jury, thirteen (13) months after his arrest. Such act by the Defendant [was] arbitrary, capricious, and calculated to punish and retaliate against Plaintiff because he elected to exercise those rights guaranteed him under the Constitution, which has deprived him of his Fifth and Fourteenth Amendment rights to due process of law.

"Plaintiff seeks a temporary restraining order pursuant to Rule 65–b (1) of the Federal Rules of Civil Procedure to enjoin his October 28, 1969 state trial in this cause, in view of the fact that should he suffer conviction upon the unconstitutionally enhanced indictment, he would suffer immediate, irrepairable injury, and that after proper hearing, that he be granted permanent injunctive relief to prevent the Defendant or his Agents from putting him to trial on an enhanced indictment charging him as a habitual offender, in the instant cause. He does not seek to bar prosecution on a lawful, unenhanced indictment."

The District Court dismissed the application without a hearing. We affirm.

This was a case in which the petitioner was under indictment and about to go to trial the next day.

28 U.S.C. § 2283 reads as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

On June 8, 1970, the Supreme Court had occasion to discuss this federal statute, Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234.

The High Court said, *inter alia*,

"But whatever doubts we may have are strongly affected by the general prohibition of § 2283. Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion." 398 U.S. 296, 90 S.Ct. 1748.

This is strongly reminiscent of the words of Mr. Justice Brandeis that the code section is a prohibition, Hill v. Martin, 1935, 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293.

See also Baines v. City of Danville, 4 Cir., 1964, 337 F.2d 579, cert. den., Chase v. McCain, 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702; Shaw v. Garrison, D.C. La., 1968, 293 F.Supp. 937, affirmed 393 U.S. 220, 89 S.Ct. 453, 21 L.Ed.2d 392; Tyler v. Russel, 10 Cir., 1969, 410 F.2d 490; Townsend v. Ohio, 6 Cir., 1966, 366 F.2d 33.

Moreover, Mistrot, represented by counsel, could have filed in the state court a special plea setting up any fact as cause "why the defendant ought not to be tried upon the accusation presented against him", Article 27.02, Texas Code of Criminal Procedure, Vernon's Texas Statutes Annotated. The record reveals that no such effort was made. See Broyhill v. Morris, 4 Cir., 1969, 408 F.2d 820.

Finally, it is suggested that the District Court should have treated the petition as for a writ of habeas corpus and granted a hearing. In the first place, this would, under the circumstances, have halted the state court trial. In the next place, Mistrot had exhausted no state remedy, 28 U.S.C. § 2254, Taylor v. Beto, 5 Cir., 1968, 392 F.2d 566.

This petition was filed at a time and under circumstances in which intervention of the Federal Courts would have been inappropriate.

Affirmed.