**Paul MASSON**

v.

**Lewis SLATON, District Attorney, Atlanta Judicial Circuit, Leroy Stynchcombe, Sheriff, Fulton County, Georgia.**

**Civ. A. No. 13389.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 16, 1970.

Glenn Zell, Atlanta, Ga., for plaintiff.

Arthur K. Bolton, Atty. Gen. of Georgia, Atlanta, Ga., for defendant.

## ORDER

ALBERT J. HENDERSON, Jr., Chief Judge.

Plaintiff, in this action, asks the court to hold Ga.Code Ann. § 26–1307 (Terroristic Threats and Acts) unconstitutional on its face and as applied to him. Defendants have moved without response, for a preliminary hearing, Fed.R.Civ.P. 12(d), or in the alternative for judgment on the pleadings, Fed.R.Civ.P. 12(c). For the following reasons, the court hereby grants defendants' motion for judgment on the pleadings.

It appears that plaintiff has been indicted under the challenged statute in Fulton County Superior Court, and that he is presently awaiting trial on said charges. Alleging that any prosecution under the above statute would amount to a deprivation of his constitutional

rights, the plaintiff herein prays that the court enjoin his prosecution, and, further, declare said statute unconstitutional. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1343 and 2201, and 42 U.S.C. § 1983. Plaintiff's request to convene a three judge district court under 28 U.S.C. §§ 2281 and 2284 was denied by the Chief Judge of the Fifth Circuit Court of Appeals for reasons as will hereinafter be made clear.

Plaintiff alleges that he is currently under indictment for violating Ga.Code Ann. § 26–1307. The statute in question reads as follows:

(a) *A person commits a terroristic threat when he threatens* to .commit any crime of violence, or *to burn or damage property, with the purpose of terrorizing another,* or of causing the evacuation of a building, place of assembly, or facility of public transportation, or otherwise causing serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience. No person shall be convicted under this section on the uncorroborated testimony of the party to whom the threat is communicated.

(b) A person commits a terroristic act when he uses a burning or flaming cross, or other burning or flaming symbol or flambeau with the intent to terrorize another or another's household.

(c) A person convicted of a terroristic threat or act shall be punished by a fine of not more than $1,000 or by imprisonment for not less than one nor more than five years, or by both.

(emphasis added indicates portion of statute under which plaintiff was indicted).

Of initial concern to the court is plaintiff's entitlement to an injunction against his pending prosecution. An injunction against enforcement of a criminal statute will not issue unless there are special circumstances beyond the injury incidental to every proceeding brought lawfully and in good faith.

Cameron v. Johnson, 390 U.S. 611, 88 S. Ct. 1335, 20 L.Ed.2d 182 (1968); Eberhardt v. Massell, 311 F.Supp. 654 (N.D. Ga.1970). Normally, a showing of irreparable injury or bad faith invocation or use of the criminal laws for the purpose of achieving a chilling effect on one's First Amendment rights is necessary to demonstrate those "special circumstances" envisioned in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Absent these circumstances, a federal court's intervention into the normal pattern of raising constitutional defenses in the course of state criminal proceedings is wholly unwarranted. Brooks v. Briley, 274 F. Supp. 538 (M.D.Tenn.), aff'd, 391 U.S. 361, 88 S.Ct. 1671, 20 L.Ed.2d 647 (1968). On the facts in this case, the court hereby concludes that the granting of an injunction herein would be clearly inappropriate. See Dombrowski v. Pfister, supra; Stefanelli v. Minard, 342 U. S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Machesky v. Bizzell, 414 F.2d 283 (5th Cir. 1969); Sheridan v. Garrison, 415 F.2d 699 (5th Cir. 1969).

Additional support for not granting plaintiff the injunctive relief he seeks is found in the Supreme Court's latest pronouncement in favor of strictly construing 28 U.S.C. § 2283. Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). The Court therein held that,

* * * [A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakeably clear. * * * [W]hatever doubts we may have are strongly affected by the general prohibition of § 2283. Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to fi-

nally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion.

*Id.*, at 294, 296, 90 S.Ct. at 1747.

The Fifth Circuit Court of Appeals likewise refused to enjoin the prosecution of an accused in Mistrot v. Wade, 433 F.2d 1056 (5th Cir., 1970), citing as primary authority Atlantic Coast Line, *supra*, and Hill v. Martin, 296 U.S. 393, 395, 56 S.Ct. 278, 80 L.Ed. 293 (1935). Unquestionably, the court is without authority on the facts herein presented to issue an injunction against plaintiff's pending state prosecution.

There exists under the present state of the law some confusion surrounding the propriety of considering plaintiff's demand for declaratory relief following a determination that injunctive relief is inappropriate. The court recognizes that a declaration of unconstitutionality herein will have the same effect as granting plaintiff the injunction he seeks. The court in Brooks v. Briley, *supra*, expressly rejecting consideration of the constitutionality of several state statutes under the guise of declaring plaintiff's rights held as follows:

> Furthermore, it is clear that the prohibition under Sec. 2283 against enjoining state court proceedings cannot be avoided by seeking a declaratory judgment. H. J. Heinz Co. v. Owens, 189 F.2d 505 (9th Cir. 1951), cert. den. 342 U.S. 905, 72 S.Ct. 294, 96 L. Ed. 677 (1952). The same principles of comity and federalism require that when injunctive relief is not appropriate, neither is relief appropriate under the declaratory judgment statute.

*Id.*, 274 F.Supp. at 553. This however, conflicts with the Supreme Court holding in Zwickler v. Koota, 389 U.S. 241, 88 S. Ct. 391, 19 L.Ed.2d 444 (1967), wherein the Court held that a district court may not abstain from considering the request for declaratory judgment merely because injunctive relief is inappropriate. *See*, Leflore v. Robinson, 434 F.2d 933 (5th

Cir., 1970). In any event, the court hereby, on the facts before it, proceeds to consider plaintiff's demand for declaratory judgment.

■■ Plaintiff herein contends that the statute proscribes constitutionally protected conduct when it makes illegal bare statements without an overt act or attempt to carry out said threat. This allegation, however, completely ignores the line of cases following Justice Holmes oft-cited "fire" analogy in Schenck v. United States, 249 U.S. 47, 39 S.Ct. 247, 63 L.Ed. 470 (1919), wherein it was asserted that statements alone can be without First Amendment protection. The right to free speech is not an unlimited right. It entitles an individual to advocate certain ideas regardless of their popularity, but it does not extend to the threatening of terror, inciting of riots, or placing another's life or property in danger. Wood v. Georgia, 370 U.S. 375, 82 S.Ct. 1364, 8 L.Ed.2d 569 (1962); United States v. Smith, 414 F.2d 630 (5th Cir. 1969); Hunter v. Allen, 422 F.2d 1158 (5th Cir. 1970); United States v. Rutherford, 332 F.2d 444 (2nd Cir. 1964). The indictment presently lodged against plaintiff makes just such an accusation, *i. e.*, that plaintiff threatened in the presence of a third party to burn and damage eleven automobiles owned by another for the purpose of terrorizing the owner. Clearly, the statute requires, in order for there to be a conviction, conduct which exceeds the bounds of protected free speech.

■■ Plaintiff also contends that the statute is unconstitutionally vague in that it requires a man of ordinary intelligence to guess at its meaning, and that some portions of the statute are so ambiguous as to fail to give fair and adequate warning of the conduct proscribed. United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1953); *see generally*, Note, The Void-For-Vagueness Doctrine in the Supreme Court, 109 U.Pa.L.Rev. 67 (1960).

Unlike the situation in Hunter v. Allen, *supra*, the court need only consider

that portion of the statute under which plaintiff was indicted. Specifically, plaintiff was charged with the following statutory violation:

A person commits a terroristic threat when he threatens * * * to burn or damage property, with the purpose of terrorizing another * * *."

Ga.Code Ann. § 26–1307. The court finds nothing vague or indefinite in this provision of the Georgia Criminal Code. No meaningful contention can be made that the statutory provision quoted above failed to adequately inform plaintiff of the conduct prohibited.

Therefore, the court hereby concludes that the statute in question is unmistakeably constitutional on its face as applied against plaintiff, and hereby grants defendants' motion for judgment on the pleadings.