**VISTA THEATRE CORPORATION, Plaintiff,**

v.

**The CITY OF FORT WORTH, T. S. Walls and D. W. Bransom, Defendants.**

**No. CA 4–1674.**

United States District Court, N. D. Texas, Fort Worth Division.

Feb. 11, 1971.

Hartt & Perry, Inc., by Grover Hartt, Jr., Dallas, Tex., for plaintiff.

S. G. Johndroe, Jr., City Atty., City of Fort Worth, Fort Worth, Tex., for defendants.

MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

In accordance with F.R.Civ.P. 52, this memorandum is filed in lieu of findings of fact and conclusions of law. In this action the plaintiff seeks to enjoin the defendants from maintaining criminal proceedings against them under the Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) doctrine.

On or about December 1, 1970, the plaintiff began to operate the Riverside Drive-In Theatre in the City of Fort Worth, Texas. The films plaintiff offered to the public were classified as "R", "X" [1] or unclassified pictures of this kind produced prior to the letter coding of pictures. Shortly after beginning operations, plaintiff's manager and assistant manager were arrested on two occasions for violating ordinance No. 5967 [2] of the City of Fort Worth. Plain-

1. According to plaintiff's complaint, "R" and "X" pictures "show nudity, sex or adult subjects in a manner and with the treatment that would make them unsuitable for persons under eighteen (18) years of age unless such young person was accompanied by a parent, guardian, or lawful spouse." Plaintiff's Complaint, p. 2.

2. FORT WORTH, TEX., CITY CODE, ch. 35 § 35–21 (1964)
   SECTION 1. "It shall be unlawful for the owner, manager, operator,

tiff was advised that the arrests would continue so long as they operated the theater in violation of ordinance No. 5967. Plaintiff thereupon ceased operations and constructed a screen fence around some portions of the theater. Plaintiff commenced showing its movies again.

On January 19, 1971, plaintiff's assistant manager and projectionist were again arrested for not complying with ordinance No. 5967. Sgt. Branson, the arresting officer, on the occasion of this arrest, informed plaintiff's manager that all employees were liable to arrest if plaintiff persisted in violating the ordinance.

The City of Fort Worth alleges that the fence built by the plaintiff does not fully obstruct the view of the screen from the public streets. Apparently, the screen can still be seen from several of the neighboring streets. The City has introduced the testimony of several witnesses and pictures to this effect. They also maintain that the figures on the screen can be seen through the fence built by the plaintiff. The fence consists of wooden slats with alternating open spaces.

The plaintiff argues that it is in substantial compliance with the ordinance. It says that the fence sufficiently distorts the pictures beyond recognition and that the screen can only be seen at oblique angles from sizeable distances from any of the neighboring streets.

These questions involve fact finding and the legal construction of the city ordinance, i.e., whether the facts, as found, amount to a violation of the ordinance. In other words, they directly involve the guilt or innocence of the plaintiff. This determination does not at this time concern the court. Its resolution is for the state court. Cameron v. Johnson, 390

U.S. 611, 621, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968).

Because the plaintiff has asked the court to enjoin an existing criminal proceeding against it, the only relevant inquiries are: (1) a bad faith use of the state's legal machinery with the purpose of inhibiting the exercise of free speech (or, alternatively, the existence of a statute unconstitutional on its face affecting free speech) and (2) a probability of irreparable injury, which is established if there is a showing of a significant chilling effect on speech that cannot be avoided by state court adjudication. Dombrowski v. Pfister, *supra*, 380 U.S. at 485–486, 489–490, 85 S.Ct. 1116; Sheridan v. Garrison, 415 F.2d 699, 709 (5th Cir. 1969), cert. denied 396 U.S. 1040, 90 S.Ct. 685, 24 L.Ed. 2d 685 (1970).

In addressing the first requirement for injunctive relief the Court notes that plaintiff is not contesting the constitutionality of ordinance No. 5967. Plaintiff must, therefore, show that the City of Fort Worth has invoked this ordinance in bad faith and for the purpose of harassing and disrupting the exercise of First Amendment rights. Dombrowski v. Pfister, *supra*, 380 U.S. at 490, 85 S.Ct. 1116. The burden plaintiff carries in order to make this showing is indeed a heavy one for there is a strong presumption that the City is acting in good faith in enforcing its laws. Sheridan v. Garrison, supra, 415 F.2d at 710; Taylor v. Kentucky State Bar Association, 424 F.2d 478, 482 (6th Cir. 1970).

The theory plaintiff primarily relies upon is that the City has unequally enforced the law in violation of the Fourteenth Amendment's equal protection clause. Plaintiff points out that there are approximately seven or eight other drive-in theaters in the City of Fort

assistant manager, assistant operator, ticket seller, ticket taker, usher and/or any other person connected with or employed by any motion picture theater or drive-in motion picture theater in the City of Fort Worth or to aid or assist

in such showing or exhibition of any motion picture, film, slide or other exhibit which is visible from any public street or highway in which the public area, bare buttocks or bare female breasts of the human body are shown."

Worth that have shown and are presently showing movies containing nudity. There have been no arrests made at these theaters despite the fact that the movies can be seen from the public streets, according to the plaintiff. In addition, there has only been one arrest for a violation of ordinance No. 5967 since its enactment in 1968 other than the arrests of plaintiff's employees. This, plaintiff submits, is a prima facie showing of unequal enforcement of the law.

But plaintiff does not stop here. It says that the arrests were motivated by citizen complaints of the nudity and not because of any traffic problem.[3] Plaintiff made a vague reference to a citizens group that had complained of the nudity shown in the films at the Riverside Drive-In.

Sgt. Branson testified that he had received complaints about traffic congestion by the area residents as well as complaints about the nudity. He and two other police officers, including the Chief of Police, testified that there were traffic problems in the area and that they had received no instructions from their superiors, nor did they of their own accord make these arrests because they disapproved of any nudity in the movies shown by the plaintiff.

■ This Court does not find it necessary to pass upon the unequal enforcement issue. Even if it could be conclusively shown, unequal enforcement by itself would not merit federal injunctive relief. Wallace v. Brewer, 315 F. Supp. 431, 444 (M.D.Ala.1970). The plaintiff must show that the ordinance was applied "for the purpose of discouraging protected activities." Dombrowski v. Pfister, *supra*, 380 U.S. at 489–490,

85 S.Ct. at 1122. Even though there may have been some complaints about the nudity [4] there is evidence that the arrests were prompted by traffic problems in the area. The evidence then "does not disclose that the state criminal process was invoked 'without any hope of ultimate success, but only to discourage' the assertion of First Amendment rights. Wallace v. Brewer, *supra*, 315 F.Supp. at 454.[5] Nor can this court say that the City of Fort Worth acted in bad faith by bringing criminal prosecutions under a clearly inapplicable statute. Entertainment Ventures, Inc. v. Brewer, 306 F.Supp. 802, 817 (M.D.Ala.1969). Ordinance No. 5967 is not clearly inapplicable to the facts here.

■ Plaintiff has alleged that it has on several occasions asked the police and the City Attorney's office what more is required of it in the way of fencing in order to be in compliance with ordinance No. 5967, but that they have never been given an answer. The City Attorney and police have answered that it is not their function according to state or local law to construe the statute or to render advice on what would be reasonable or substantial compliance. This, they say, is the function of the state and local courts.

The plaintiff has not attacked the ordinance as being too vague or overbroad. Consequently, the court cannot say that this conduct on the part of the City amounts to a showing of bad faith in the enforcement of the ordinance.

The parties having agreed that all facts could be and were fully developed at the hearing on the preliminary injunction and that such hearing should constitute the trial on the merits, it is so ordered.

3. The preamble to ordinance No. 5967 recites that it was enacted in order to reduce traffic hazards.

4. The Court does not deem it necessary to inquire into whether the showing of the pubic area, bare buttocks, or bare female breasts at a drive-in movie that can be seen from the public streets is a pro-

tected activity under the First Amendment. Cf. Eberhart v. Massell, 311 F. Supp. 654 (N.D.Ga.1970)

5. Also, see Moss v. Hornig, 314 F.2d 89 (2d Cir. 1963); Strasser v. Doorley, 309 F.Supp. 716 (D.R.I.1970); Turner v. LaBelle, 251 F.Supp. 443 (D.Conn.1966).

Accordingly, for the above stated reasons, the temporary restraining order is hereby dissolved and the prayed for injunction denied. The plaintiff will take nothing by the suit and is hereby taxed all costs. The action is dismissed.